# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **PATRICK GILTON #2006030775** | **CASE NO. 6:19-CV-00441 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **PAUL SCOTT ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Pro se plaintiff Patrick Gilton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on April 5, 2019, in the Southern District of Iowa. [Rec. Doc. 1] An Order transferring the matter to this Court was signed on that same date. [Rec. Doc. 3] Plaintiff filed an Amended Complaint in this Court on April 22, 2019. [Rec. Doc. 6] He is incarcerated at the St. Mary Parish Jail (SMPJ) in Centerville, Louisiana, and complains of the conditions of confinement at that facility, as well as denied or delayed medical care. Plaintiff has named SMPJ Warden Paul Scott and SMPJ Assistant Warden Bruce Cliffton as defendants. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Plaintiff first complains that prisoners are exposed to communicable diseases, including staph infections, AIDS, boils, pink eye and crabs from incoming inmates who are coming in "directly from the streets," and not being checked by the medical staff to be "cleared."

He complains that there are spiders and spiderwebs in the dorms and black mold in the showers and sinks. He also complains that there are no exit signs on the doors or blueprints of the prison posted in case a fire breaks out and that inmates are burning toilet paper rolls and he is inhaling black smoke.

Finally, he seeks to be compensated for inadequate dental care regarding a toothache, and inadequate medical care after a fall on an uncovered drain in the bathroom.

*Amend Order*

*1.    Supervisory Officials*

Plaintiff has sued Paul Scott and Bruce Cliffton in their supervisory capacities as Warden and Assistant Warden of SMPJ. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993).

"Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

### 2. *Medical Care*

Plaintiff alleges that he received inadequate medical care with respect to an ankle/foot injury he received when he stepped on an uncovered drain, as well as a toothache.

It appears that plaintiff is a pre-trial detainee. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or

omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to episodic acts or omissions. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

At present, plaintiff has made no such showing.

Plaintiff states that after he fell on April 8, 2019, he was seen by a Captain, who called the nurse's station, got him a wheelchair, and took him to the nurse's station. The nurse then photographed his foot and texted a picture of it to Dr. Dustin, a physician who works for St. Mary Parish. [Rec. Doc. 7-1, p. 2-3] Dr. Dustin prescribed medication. He complains that on April 16, 2019, it was still bothering him.

He also complains of a toothache. He alleges that he has not seen a doctor for his tooth, which is causing pain so severe that he cannot eat. [Rec. Doc. 7-1, p. 8] However, per the inmate grievance submitted by Plaintiff on February 19, 2019, he saw a nurse on February 11, 2019, and a dentist on February 21, 2019. [Rec. Doc. 71, p. 1]

It appears that plaintiff simply disagrees with the treatment decisions of the health care professionals who were responsible for his care and treatment. Plaintiff admits that he was examined by a nurse immediately after his fall, who consulted a doctor, and promptly dispensed medication, and the inmate grievance form evidences that he was seen by a nurse and a dentist regarding his tooth. Plaintiff disagrees with the conclusions and treatment options offered by the nurse and doctors; however, his disagreement with the health care professional's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the

Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Plaintiff's allegations herein are insufficient. Before the Court addresses the entirety of Plaintiff's complaint, he should amend to provide facts to establish that defendants had displayed a subjective intent to cause harm and that the delay in medical care has resulted in substantial harm. He should also set forth facts to establish deliberate indifference and personal involvement on the part of Paul Scott and Bruce Cliffton.

Further, he should amend to identify whether he contends that he is still in need of medical care. If so, he should provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health.

Accordingly,

**IT IS ORDERED that** plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims, requests for relief, or defendants plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the**

**Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under L.R. 41.3.**

THUS DONE in Chambers on this 14th day of May, 2019.

_____
**Carol B. Whitehurst
United States Magistrate Judge**